**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**DAWN TABER-CAYER,**
**MICHAEL CAYER,**

        **Plaintiffs,**

   v.

**JEFFREY L. PERSINGER,**

        **Defendant.**

**1:24-cv-00012-WAL-EAH**

**TO:**   Pamela L. Colon, Esq.
        Douglas L. Capdeville, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Motion to Sever the Claims of Plaintiffs Pursuant to Rule 21 and to Consolidate for Trial ("Motion to Sever"), filed by Defendant Jeffrey L. Persinger on March 31, 2025. Dkt. No. 109. Plaintiffs Dawn Taber-Cayer ("Mrs. Cayer") and Michael Cayer ("Mr. Cayer") filed an opposition to the motion on April 14, 2025, Dkt. No. 120, and Defendant filed a reply on April 16, 2025, Dkt. No. 121. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

### A. Initial Litigation

In May 2024, Plaintiffs filed an amended complaint in this personal injury and damages action arising from a two-vehicle traffic accident on St. Croix, U.S. Virgin Islands. Dkt. No. 5. Plaintiff Michael Cayer was driving one vehicle and Defendant Jeffrey Persinger was driving the other. Passenger Dawn Taber-Cayer was injured. *Id*. Mr. Persinger filed an

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 2

Answer in July 2024, Dkt. No. 9, in which he asserted an affirmative defense that Plaintiffs' injuries were the sole proximate result of Michael Cayer's own negligence which was to such a degree as to bar or diminish any recovery. *Id*. The Court set an initial conference for August 27, 2024. Dkt. Nos. 14, 15. Following the conference, the Court issued a Scheduling Order that, inter alia, set a discovery deadline for February 28, 2025, an amendment deadline for March 14th, and a mediation deadline for March 28th. Dkt. No. 31. The Court accepted a Stipulation by the parties allowing the Defendant an extension of time to respond to Plaintiffs' discovery requests. Dkt. No. 34. Discovery then took place.

On December 23, 2024, the Plaintiffs moved to amend the First Amended Complaint, primarily to add Count III for negligence per se, and additional information revealed during discovery. Dkt. No. 53. The Court granted the motion in February 2025, Dkt. No. 79, and Plaintiffs filed the Second Amended Complaint on February 11, 2025, Dkt. No. 80.[1] On February 19, 2025, Defendant filed his answer to the Second Amended Complaint. Dkt. No.

---

[1] In the meantime, Defendant filed a Motion for Partial Summary Judgment, asking the Court to rule that Plaintiffs could not employ offensive collateral estoppel to foreclose him from contesting the issue of negligence by virtue of the fact that he was issued a traffic citation for negligent driving. Dkt. No. 77. The motion is fully briefed. Dkt. No. 85 (Plaintiffs' opposition); Dkt. No. 94 (reply). Plaintiffs also filed a motion for partial summary judgment for application of offensive collateral estoppel to prevent the Defendant from litigating the issue of negligence per se as pleaded in Count III. Dkt. No. 87. Defendant filed a response, Dkt. No. 97. In addition, Plaintiffs filed a cross-motion for partial summary judgment as to Defendant's liability for common law negligence and for application of offensive collateral estoppel, Dkt. No. 89, which the Defendant opposed, Dkt. No. 99.

84. Once again, he asserted the affirmative defense that Plaintiffs' injuries were the sole proximate result of Mr. Cayer's own negligence. *Id.*

On March 14, 2025, the Defendant filed a Motion to File a First Amended Answer to Plaintiffs' Second Amended Complaint to add a counterclaim against Mr. Cayer for indemnity/contribution for any damages that might ultimately be awarded against Defendant for injuries to Mrs. Cayer. Dkt. No. 101. Plaintiffs opposed the motion on March 21, 2025, Dkt. No. 104, and the Defendant filed a reply brief on March 31, 2025 in which he withdrew the motion to amend, stating that, because he could not file a counterclaim for contribution or a third-party claim in the case's current posture, he would file a motion to sever. Dkt. No. 110.

On March 25, 2025, Plaintiffs moved to extend the Scheduling Order. Dkt. No. 105. They stated that, on March 24th, the parties mediated the matter and agreed to a continuance until April 24, 2025. However, the current mediation deadline was March 28th. *Id.* The parties agreed to request an extension of the mediation and remaining deadlines in the Scheduling Order by thirty days, with mediation to be completed by April 28th. *Id.* The Court granted the motion and modified the remaining deadlines (mediation, plaintiffs' and defendant's experts, expert depositions, and dispositive motions). Dkt. No. 117.

**B. Defendant's Motion to Sever**

On March 31, 2025, the Defendant filed the Motion to Sever pursuant to Fed. R. Civ. P. 21. Dkt. No. 109. He explains that the cause of the automobile collision at the heart of this

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 4

case could have been (1) due entirely to the negligence of Mr. Cayer; (2) due entirely to the negligence of Mr. Persinger; (3) due to the joint negligence of Mr. Cayer and Mr. Persinger; (4) an unavoidable accident in which neither Mr. Cayer nor Mr. Persinger was negligent; or (5) due to the active negligence of either Mr. Cayer or Mr. Persinger in circumstances where either of them was merely passively negligent. *Id*. at 2. He adds that, in his answer to the Second Amended Complaint, he pleaded the affirmative defense that Mr. Cayer was at fault for the collision to the extent it would bar or diminish any recovery by the Plaintiffs. *Id.* As a result, Mr. Cayer's negligence has been a factual issue from the beginning of the litigation and was not a new allegation requiring any additional factual discovery. *Id.* Under scenario (3) above, Mr. Persinger would have a common law claim for contribution against Mr. Cayer, and under scenario (5), Mr. Persinger would have a common law claim for indemnity against Mr. Cayer. *Id*. However, in the current procedural posture of the case, where Mrs. Cayer and Mr. Cayer sued Mr. Persinger jointly (notwithstanding that Mr. Cayer could be liable in tort for injuries suffered by Mrs. Cayer), Mr. Persinger could not assert his claims against Mr. Cayer as a counterclaim under Rule 13 because such claims were contingent and inchoate, and he could not assert his claims as a third-party claim under Rule 14 because Mr. Cayer was a party to this lawsuit. *Id.* at 3.

The Third Circuit and district courts in this Circuit have resolved such a dilemma by severing the claims of plaintiffs in order to allow a defendant to assert indemnity and/or contribution claims in a third-party action under Rule 14, after which the severed claims are

consolidated and tried together. *Id.* at 3-4, citing, inter alia, *Sporia v. Pa. Greyhound Lines,* 143 F.2d 105, 108 (3d Cir. 1944); *Henz v. Superior Trucking Co.*, 96 F.R.D. 219, 221 (M.D. Pa. 1982). Because Mr. Cayer's negligence has been present in this case from the beginning, Defendant is entitled to assert indemnity and/or contribution claims against him, and the proper way to do so is to sever him; failure to do so is reversible error. *Id.* at 5.

In their opposition to Defendant's motion, the Plaintiffs point out that, when answering both the First and Second Amended Complaints, Mr. Persinger included an affirmative defense alleging that both Plaintiffs were comparatively negligent with regard to their own injuries, but did not include any counterclaim, motion for severance, or third-party complaint. Dkt. No. 120 at 1-2. They reprise the procedural history: the August 2024 Scheduling Order set a February 28, 2025 deadline for fact discovery and a March 14, 2025 deadline for amendments to the pleadings and/or joinder of additional parties, and fact discovery has been timely completed. *Id.* at 2. On March 14th, Defendant moved for leave to file his First Amended Answer to add a counterclaim for indemnity and contribution against Mr. Cayer. *Id.* at 2. Plaintiffs opposed, after which the parties began mediation on March 24 and were scheduled to complete it on April 24, 2025 pursuant to the new Scheduling Order entered on April 1. *Id.* That Order did not reopen factual discovery or extend the deadline for any amendments and/or joinder of additional parties. *Id.* Then, on March 31, 2025, the Defendant withdrew his motion for leave to file a counterclaim, conceding it was futile, and

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 6

filed the instant motion to sever—beyond the March 14, 2025 deadline and without seeking leave from the Court. *Id.* at 2-3.

Plaintiffs posit that, although the Defendant seeks relief under Rule 21, the relief actually implicates Rules 14, 15, 16, 21, and 42: the Court would first have to find good cause under Rule 16 to extend the amendment deadline; then the case would have to be severed under Rule 21; next, the Defendant would have to be granted leave to amend his answer under Rule 15 to add a third-party complaint under Rule 14 against Mr. Cayer in Mrs. Cayer's case; and finally the Court would have to consolidate the cases under Rule 42. *Id.* at 3. At this point in the litigation, if the case does not settle, the parties will begin expert discovery that must be concluded by September 26, 2025. *Id.* Plaintiffs add that, should the unduly-delayed request for a severance be granted, additional representation would be required for Mr. Cayer, his automobile insurance carrier would have to be notified, counsel for his defense as a third-party defendant would have to be retained per the policy, and additional discovery as to his alleged negligence in terms of his contribution, if any, to his wife's injuries, along with any affirmative defenses and/or counterclaims, would have to take place. His carrier may also wish to employ defensive witnesses of their own in the third-party action. *Id.* at 3-4. Factual discovery would then have to be repeated, as current counsel did not explore the matter of Mr. Cayer's alleged contribution to his wife's injuries because it was not at issue during the factual discovery phase. This will delay the trial and not only severely prejudice Mr. Cayer as to his claims as a plaintiff and his defenses as a third-party defendant, but also

Mrs. Cayer whose claims would be put on hold even though she would not be named as a party in the third-party complaint. *Id*. at 4. Any continuance would add to the prejudice by increasing the delay and expense to both Plaintiffs. *Id.* at 8.

Plaintiffs then discuss how the various rules of civil procedure should be considered when addressing Defendant's motion. *Id*. at 4-19. First, Rule 16(b)(4) provides that a scheduling order may be modified for good cause, which focuses on the moving party's diligence in seeking an extension. *Id*. at 4-5. While amendments to pleadings are normally governed by Rule 15, when the date for amending the pleadings in the scheduling order has passed, a party must first demonstrate good cause. *Id*. at 5. Here, Defendant offered no explanation for his failure to meet the March 14th deadline even though it was his burden to do so, and did not request a modification of that deadline even though Plaintiffs moved on March 25th to have other dates in the original Scheduling Order modified to accommodate the extended mediation schedule. By that date, the Defendant had already moved to amend his answer to add a counterclaim. *Id*. at 7-8.

Second, Defendant's motion violates LRCi 15.1, as he failed to file the proposed amendment with the motion as well as a copy delineating the changes he intended to make. *Id*. at 9. He referred only to suggested claims he wished to bring. *Id.* at 10.

Third, the Motion to Sever violates Rules 14 and 15. Even if the Defendant established good cause under Rule 16, Rule 15 would not permit the requested amendment to his answer to add a third-party claim because the Defendant never asserted a claim against Mr. Cayer to

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 8

begin with, and because the third-party complaint would be futile. *Id.* at 10-11. Under Rule 14, a party must obtain leave to file a third-party complaint if it is filed more than 14 days after serving the original answer, and the court may consider whether the impleader would prejudice the existing parties, whether new issues may complicate the case or delay the trial, whether there was an unreasonable delay in filing the third-party complaint, and whether the third-party complaint failed to state a claim. *Id.* at 11-12. Plaintiffs argue that Defendant cannot allege facts sufficient to state a claim for common law indemnification or common law contribution under Virgin Islands law and thus amendment would be futile under Rules 14 and 15. *Id*. at 11-15. In addition, the request has been unduly delayed, given that the facts upon which the amendment are based were available when the case was filed and Defendant had numerous opportunities to correct any deficiencies. *Id*. at 15-17.

Plaintiffs' final argument is that Rule 21 does not support severance. *Id.* at 18-19. While courts can order severance at any point in an action, such an order is subject to the need to protect the parties from unfair prejudice, which would occur if the court granted severance at this point. Defendant cited cases span from 1944 to 1982 and none are from the Virgin Islands. *Id*. Further, since Mr. Cayer's loss of consortium claim is derivative of Mrs. Cayer's claim for negligence against Mr. Persinger, severance would increase the risk of inconsistent verdicts, which suffices to deny Defendant's motion. *Id*. at 19.

In his reply, the Defendant contends that the Plaintiffs have opposed the motion "on purely procedural and technical grounds," even though Mr. Cayer appears to challenge the

legal sufficiency of an "as yet unpleaded claim for indemnity." Dkt. No. 121 at 1. He points out that Plaintiffs' counsel had a potential conflict of interest that may preclude her from defending any third-party claim against Mr. Cayer, and any merits of a third-party claim made possible by severance should be deferred until Mr. Cayer is properly represented. *Id*. at 1-2. The Defendant reiterates that the issue of Mr. Cayer's negligence has been in this case from its inception, as pleaded in his answers. *Id*. at 3. Thus, when Plaintiffs' counsel asserts that discovery deadlines must be extended to accommodate this issue, "she is merely acknowledging her own failure to pursue discovery in a timely manner"—an argument that is "without merit." *Id*. Moreover, the pending motion does not violate the Scheduling Order because a Rule 21 motion neither amends a pleading nor adds additional parties and therefore the argument that the motion violates the Scheduling Order is a non sequitur. *Id.*

The Rule 21 motion does not violate LRCi 15.1 because the Defendant is not seeking to amend any pleading, but just to sever claims so he can bring a third-party claim. *Id*. at 4. Neither does it violate Rules 14 and 15, as the procedure to file a third-party complaint requires a new summons and complaint; this case is unusual only because the third-party defendant is already a party to the proceedings. *Id.* at 4-5. In addition, the merits of an indemnity and/or contribution claim are not properly before the Court and can be argued once Mr. Cayer's defense is in position. *Id*. at 5. Severance under Rule 21 is proper, as the cases cited by Plaintiffs consist of distinctions without differences, and there is no risk of inconsistent verdicts because the cases will be consolidated for trial. *Id*. at 5-6. Finally, any

inconveniences to the Plaintiffs are of their own making, as Defendant cannot be made to shoulder all of the damages claimed by Mrs. Cayer if Mr. Cayer's negligence caused or contributed to his wife's injuries, and where counsel failed to recognize potential conflicts of interest inherent in representing a driver and a guest passenger. Thus, severance and a third-party claim and consolidation are required to avoid manifest injustice. *Id*. at 6-7.

## DISCUSSION

### A. Rule 21 Standard

Federal Rule of Civil Procedure 21, entitled "Misjoinder and Nonjoinder of Parties," provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. The Rule is "most commonly invoked to sever parties improperly joined under Rule 20." *Meinert v. Port Auth. of Allegheny Cnty.,* No. 22-cv-1736, 2024 WL 4304559, at *2 (W.D. Pa. Sept. 26, 2024) (internal quotation marks omitted). When considering whether to sever a claim or a party, a court considers "convenience of the parties, avoiding prejudice, and promoting expedition and economy." *Arch Ins. Co. v. Popple Constr., Inc.,* No. 3:20-cv-950, 2020 WL 12738859, at *2 (M.D. Pa. Nov. 12, 2020). Claims severed pursuant to Rule 21 "become entirely independent actions to be tried, and judgment rendered thereon, independently." *Arch Ins. Co.,* 2020 WL 12738859, at *2 (internal quotation marks omitted).

The Rule also "gives district courts broad discretion in deciding whether to sever a case by way of severing parties or claims." *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.*, No. 22-MC-152, 2024 WL 5159129, at *5 (W.D. Pa. Dec. 18, 2024) (internal quotation marks and alteration omitted); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (stating that district courts have "virtually unfettered discretion in determining whether or not severance is appropriate."). "In deciding whether to grant a severance, the court is required to balance the factors of benefit and prejudice that will result from the alternative courses." *Cruzan Terraces, Inc. v. Antilles Ins., Inc.,* 138 F.R.D. 64, 65 (D.V.I.1991). The party moving to sever bears the burden of showing that such action is warranted. *Mulgrew v. Gov't Employees Ins. Co.,* No. 16-cv-2217, 2017 WL 4540612, at *1 (M.D. Pa. Oct. 11, 2017).

### B. Application

Defendant's Motion to Sever is more complicated than may appear at first blush. It focuses on the first step in a three-step process that will permit him to raise claims of indemnity/contribution which, as he acknowledges, he cannot raise at this juncture. Dkt. No. 109 at 1. Once Mr. Cayer is severed, Defendant would then assert a new contribution/ indemnity claim by serving him with a Third-Party Complaint under Rule 14. The Defendant does not view this new claim as being litigated in a separate lawsuit, and plans to move to consolidate the two cases for trial under Rule 42. In other words, the Defendant will go through some procedural hoops to reconstitute the present case to allow him to properly

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 12

assert an indemnity/contribution claim.[2] If the Defendant could have properly added the indemnity/contribution claim as a counterclaim—which he attempted to do and then withdrew—this would have been what would have happened in the normal course.

The Defendant's motion, however, explains only that his contemplated procedure is the proper way to raise his indemnity and contribution claims at this point in the litigation. Dkt. No. 109 at 3-5. He cites *Sporia v. Pennsylvania Greyhound Lines*, and other cases in support, noting that failure to permit him to so proceed is reversible error. *Id.* But nowhere in his opening brief does he address the factors used by courts to assess motions to sever under Rule 21, and his reply brief glancingly addresses the inconvenience factor (only in response to Plaintiffs' argument) but not the other factors.

The Defendant is correct that the *Sporia* Court blessed the procedural steps he contemplates taking in this case. In *Sporia*, the driver of an automobile and his passenger brought a joint action against the defendant to recover damages for personal injuries they had sustained when the car in which they were riding collided with a bus owned by the defendant. The defendant sought to implead the driver of the car (under Rule 14) on the ground that the driver's negligence contributed to the passenger's injuries. The trial court held that the driver could not be impleaded because he was already a party to the action and Rule 14 applied only to nonparties. The Third Circuit reversed, concluding that the district

---

[2] Oddly, Defendant's motion is entitled Motion to Sever the Claims and Consolidate for Trial; he leaves out the middle step of seeking leave to file a third-party action.

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 13

court abused its discretion and committed clear error, and ordered severance of the driver's and passenger's claims under Rule 21. This enabled the defendant to implead the driver under Rule 14, thereby preserving the defendant's right to contribution. 143 F.2d at 108. In this situation, the Court observed that severance "works no injustice upon any of these parties; all the so-called equities favor it." *Id.* at 107.

However, in the Court's view, there is a crucial difference between the procedural posture of *Sporia* and this case. The motion to sever in *Sporia* was apparently brought at or near the inception of the litigation—in other words, prior to discovery taking place. *See Sporia v. Pa. Greyhound Lines*, 3 F.R.D. 197 (W.D. Pa. 1943) and *Kerna v. Trucking, Inc.*, 3 F.R.D. 195 (W.D. Pa. 1943). In recent cases relying on *Sporia*, the question of whether parties or claims should be severed to permit a contribution claim to go forward also arose early in the litigation. *See, e.g., Olinick v. Remington Outdoor Co., Inc.*, No. 20-cv-1164, 2021 WL 3260084, at * 1 (M.D. Pa. July 29, 2021). Thus, while *Sporia* set out the correct procedure lower courts should follow when presented with a severance motion so that a defendant could assert a contribution claim, it did not purport to require a lower court to grant severance motions in every such instance. In fact, it couched its holding that severance was proper in that case because it "work[ed] no injustice upon any of these parties" and "the equities favor[ed] it"— particularly given that the defendant's severance motion was unobjected to in the district court. *Id.* at 106, 107.

The equities caveat to the *Sporia* holding comes into focus when the Court considers the Rule 21 factors in assessing whether to grant the instant motion: "convenience of the parties, avoiding prejudice, and promoting expedition and economy." *Arch Ins. Co.,* 2020 WL 12738859, at *2. The Court views these factors as roughly standing in for the justice and equity issues that *Sporia* mentioned as important considerations supporting its conclusion. Applying those factors, and weighing the equities here, the Court concludes that the motion to sever should be denied.

Neither party argued that the convenience factor warranted granting or denying the motion to sever.[3] Thus, this factor favors neither party.

The prejudice factor, however, weighs against severance. When the Defendant filed his motion to sever on March 31st, the six-month long discovery had concluded a month previously, the deadline to amend the complaint had passed two weeks earlier, and mediation was ongoing. Moreover, the parties had filed fully-briefed motions for partial summary judgment, and the Plaintiffs' expert discovery deadline was, at that point, six weeks away (the Court later extended the deadline on April 1, Dkt. No. 117). In other words, the case had significantly progressed. Against this backdrop, Plaintiffs strenuously argued that severance would prejudice them because additional representation would be required for Mr. Cayer's defense as a third-party defendant, which would be followed by the need to

---

[3] Plaintiffs focused on prejudice; and the Defendant, in his reply, interpreted Plaintiffs' prejudice arguments as inconveniences. Dkt. No. 121 at 6.

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 15

conduct additional discovery as to his alleged negligence in terms of his contribution, if any, to his wife's injuries and as to any affirmative defenses and/or counterclaims he might propound. Dkt. No. 120 at 3-4. This would entail repeating factual discovery because it was not at issue during the factual discovery phase.[4] The additional discovery would delay the trial and severely prejudice Mrs. Cayer in particular because her claims would be sidelined while the third-party complaint was litigated. *Id*. at 4, 8. Moreover, the additional cost of discovery—which could have been avoided if the Defendant had moved for severance earlier—would prejudice both plaintiffs.

The Defendant does not address these assertions of prejudice. Rather, he minimizes them as "inconveniences" and blames Plaintiff's counsel for causing the problem in the first place because she failed to recognize potential conflicts of interest inherent in representing both a driver and passenger as plaintiffs. Dkt. No. 121 at 6-7. This effort to place the onus on Plaintiffs' counsel falls flat. Given that Defendant's counsel has acknowledged that the "issue of Mr. Cayer's negligence has been in this case from inception," Dkt. No. 121 at 3—as shown by his affirmative defenses claiming such negligence—it was incumbent on *him* to determine how to preserve *his* possible contribution/indemnity claim—particularly before discovery so that all of the claims could have been explored together, which would have also promoted "expedition and economy." *Arch Ins. Co.,* 2020 WL 12738859, at *2. It was not Plaintiffs'

---

[4] The Court does not give any credence to Defendant's passing reference that no additional factual discovery will be needed, as it is conclusory. Dkt. No. 109 at 2.

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 16

responsibility to anticipate a possible issue that never materialized until discovery closed, and Defendant never offered any explanation why he filed the motion so late.

While Rule 21 allows severance "at any time," that broad time frame—similar to the caveat in *Sporia*—is cabined to permit severance "on just terms." As described in the Wright & Miller treatise:

> Despite the fact that Rule 21 contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining whether to grant it. Thus, the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.

7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1688.1 Practice Under Rule 21—Timing of Motion to Add or Drop a Party (3d ed. Apr. 2025 Update) (footnotes omitted). The Court agrees with Plaintiffs that granting the Motion to Sever at this stage in the proceedings greatly prejudices them, particularly as it will require reopening discovery, delaying the trial, and delaying any relief particularly for Mrs. Cayer—all of which could have been avoided if the Defendant had sought relief earlier.

As to the "promoting expedition and economy" factor, many cases hold that that goal is served when discovery and a single trial (with or without consolidation on all claims) are conducted together, which "will generally lessen the delay, expense and inconvenience to the parties and the courts." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 468 (E.D. Pa. 2013) (internal quotation marks omitted). In *Olinick*, a case similar to this one, where the defendant could not assert a contribution claim against one of the plaintiffs and moved to sever, after

*Taber-Cayer v. Persinger*
1:24-cv-00012-WAL-EAH
Order
Page 17

which he intended to file a third-party complaint against that plaintiff and move to consolidate for a single trial. The court rejected plaintiffs' argument that severance would lead to duplicate discovery and unnecessary litigation, since "consolidation would obviate Plaintiffs' concerns over duplicate discovery," which would accomplish the goal of judicial expedition and economy. *Olinick*, 2021 WL 3260084, at *3. But the motion to sever was granted before a scheduling order had been entered (*see Olinick*, 1:20-cv-1164 (M.D. Pa.) Dkt. No. 29, dated 7/29/21; scheduling order, Dkt. No. 32 dated 8/4/21) and therefore discovery and a consolidated trial could proceed together. Again, the significant difference between these two cases is that discovery concluded here, and the savings of time and resources that would have occurred by conducting discovery on all claims at once is minimized.

In addition, as the Defendant has acknowledged, Dkt. No. 109 at 3, indemnity and contribution are "contingent and inchoate" claims that depend on whether a jury will find Mr. Persinger liable for plaintiff's injury in the first place. Only at that point will Mr. Cayer's possible contributory negligence be at issue. *See Turner Const. Co. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-cv-666, 2009 WL 3233533, at *4 (D.N.J. Oct. 5, 2009) ("The issue of contribution will not arise until a jury finds that [the defendant] is liable for plaintiff's injury.") (internal quotation marks omitted). Thus it may be that these claims will never mature, which also minimizes the effect of the expedition and economy factor that would have been enhanced by holding one trial. *See Cruzan Terraces, Inc.*, 138 F.R.D. at 66 ("It is more efficient to adjudicate the plaintiff's claims quickly, and provide a remedy for its

damages, if warranted. . . . In any event, any future claims by defendants for indemnity and/or contribution may be litigated more concisely in a separate proceeding."); *Freedom Int'l Trucks, Inc. of N.J. v. Eagle Enters., Inc.,* No. 97-cv-4237, 1998 WL 695397, at *4 (E. D. Pa. Oct. 5, 1998) ("I find that the prejudice to [plaintiff] if the proceedings are stalled further, combined with the lack of any clear showing of prejudice to [defendants], outweighs the potential inefficiencies in discovery or multiple trials."). Thus, even when considering the efficiency of one trial, the inefficiency of two discovery periods tilts this factor in favor of Plaintiffs.

In any event, assessing a Rule 21 motion vests the court with "broad discretion," *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.,* 2024 WL 5159129, at *5, where it "balance[s] the factors of benefit and prejudice that will result from the alternative courses," *Cruzan Terraces, Inc.,* 138 F.R.D. at 65, so that severance is on "just terms," Fed. R. Civ. P. 21. In the current procedural posture of this case, should the Court exercise its discretion in favor of Plaintiffs, and particularly Mrs. Cayer, to go forward with a prompt disposition of the case, without waiting for the third-party litigation to run its course (including reopening discovery), or Defendant, where a consolidated trial would be held on all of the claims at once?

As indicated above, the Defendant did not mention, much less argue, that the severance factors favored granting his motion. Thus, he did not meet his burden "of showing that [severance] is warranted." *Mulgrew,* 2017 WL 4540612, at *1. In addition, when the

Court assessed the factors, it concluded that two factors weighed against severance, and one factor did not favor either party, also showing that severance was not warranted. Relatedly, Defendant's delay in filing the motion to sever, a month after discovery concluded, with no apparent reason to justify such timing,[5] does not support the Court exercising its discretion to grant the motion under Rule 21.

For the reasons set forth above, the Court will therefore deny the motion. Accordingly, is now hereby **ORDERED** that the Defendant's Motion to Sever the Claims of Plaintiffs Pursuant to Rule 21 and to Consolidate for Trial First Motion for Extension of Time to File Plaintiffs' Initial Disclosures, Dkt. No. 109, is **DENIED**.

ENTER:

Dated: April 28, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[5] District courts outside this circuit have concluded that motions filed under Rule 21 are subject to the Rule 16 "good cause" standard, most often in situations where a party moved under Rule 21 to add a party to the litigation after the deadline in the scheduling order for amending the pleadings. *See, e.g.*, *Am. All. for Equal Rts. v. Ivey*, No. 2:24-cv-00104, 2025 WL 1139121, at *2 (M.D. Ala. Apr. 17, 2025); *Otegbade v. N.Y.C. Admin. for Child. Servs.*, No. 12-cv-6298, 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015); *Blazkowski v. Natura Pet Prods., Inc.*, No. 07-cv-21221, 2008 WL 11408621, at *5 (S.D. Fla. Oct. 8, 2008); *Int'l Media Films, Inc. v. Lucas Ent., Inc.*, No. 07-cv-1178, 2008 WL 781823, at * 3 (S.D.N.Y. Mar. 20, 2008).